**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

WYNDHAM VACATION OWNERSHIP, INC., a Delaware corporation; WYNDHAM VACATION RESORTS, INC.; a Delaware corporation, WYNDHAM RESORT DEVELOPMENT CORPORATION, an Oregon Corporation; and SHELL VACATIONS, LLC, an Arizona limited liability company, SVC-WEST, LLC, a California limited liability company; SVC-AMERICANA, LLC, an Arizona limited liability company; and SVC-HAWAII, LLC, a Hawaii limited liability company,

  Plaintiffs,

v.

ORLANDO VENTURES, INC., HELPING TIMESHARE OWNERS, INC., NASHVILLE TENNESSEE VENTURES, INC. d/b/a HELP 4 TIMESHARE OWNERS, WILLIAM W. HOWELL, JR., individually, STEVEN ASHRAF HALIM, individually, JOHN PRESTON THOMPSON, individually, and JOHN STEVE HUFFMAN, individually,

  Defendants.
_____/

CASE NO.: 6:19-cv-00370-ORL-40-LRH

## **CASE MANAGEMENT REPORT**

The parties have agreed on the following dates and discovery plan pursuant to Fed.R.Civ.P. 26(f) and Local Rule 3.05(c):

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| **Mandatory Initial Disclosures** (pursuant to Fed.R.Civ.P. 26(a)(1) as amended effective December 1, 2000) | **May 24, 2019** |
| **Certificate of Interested Persons and Corporate Disclosure Statement** [each party who has not previously filed must file | **Previously filed by** |

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| immediately] | **Plaintiffs. To be filed by Defendants.** |
| **Motions to Add Parties or to Amend Pleadings** [Court recommends 1- 2 months after CMR meeting] | **February 3, 2020** |
| **Disclosure of Expert Reports** <br> Plaintiff: <br> Defendant: <br> [Court recommends 1 - 2 months before discovery deadline to allow expert depositions] | **May 1, 2020** <br> **May 15, 2020** |
| **Discovery Deadline** <br> [Court recommends 6 months before trial to allow time for dispositive motions to be filed and decided; all discovery must be commenced in time to be completed before this date] | **August 7, 2020** |
| **Dispositive Motions, *Daubert*, and *Markman* Motions** [Court requires 5 months or more before trial term begins] | **September 4, 2020** |
| **Joint Final Pretrial Statement** (Including a Single Set of Jointly-Proposed Jury Instructions and Verdict Form, Voir Dire Questions, Witness Lists, Exhibit Lists with Objections on Approved Form) [Court recommends 6 weeks before Trial] | **December 21, 2020** |
| **All Other Motions Including Motions *In Limine*, Trial Briefs** [Court recommends 3 weeks before trial] | **January 11, 2021** |
| **Trial Term Begins** <br> [Local Rule 3.05 (c)(2)(E) sets goal of trial within 2 years of filing complaint in all Track Two cases; trial term must not be less than 5 months after dispositive motions deadline (unless filing of such motions is waived); district judge trial terms begin on the first business day of each month; trials before magistrate judges will be set on a date certain after consultation with the parties] | **February 1, 2021** |
| **Estimated Length of Trial** [trial days] | **8 days** |
| **Jury / Non-Jury** | **Non-Jury** |

| | | |
|---|---|---|
| **Mediation** | Deadline:<br>Mediator:<br>Address:<br><br><br><br><br><br>Telephone: | **April 1, 2020**<br>**Richard F. Joyce, Esq.**<br>**Central Florida Mediators, LLC**<br>**26336 State Road 19**<br>**Suite 2**<br>**Howey-in-the-Hills, FL 34737**<br>**Phone: (407) 697-6156** |
| [Absent arbitration, mediation is mandatory; Court recommends either 2 - 3 months after CMR meeting, or just after discovery deadline. If the parties do not select a mediator in the CMR, the Court will appoint one from its List of Certified Mediators.] | | |
| All Parties **Consent to Proceed Before Magistrate Judge** | | Yes____        No __**X**__ |

**I.     Meeting of Parties in Person**. Lead counsel must meet *in person* and not by telephone absent an order permitting otherwise. Counsel will meet in the Middle District of Florida, unless counsel agree on a different location. Pursuant to Local Rule 3.05(c)(2)(B) or (c)(3)(A), a meeting was held in person on **April 24, 2019** at **Shutts & Bowen, LLP, 300 S. Orange Avenue, Suite 1000, Orlando, Florida 32801** and was attended by: **Glennys Ortega Rubin, Esq., and Michael James Quinn, Esq., counsel for Plaintiffs, and David Wilson, Esq., counsel for Defendants. Steven A. Halim, pro se Defendant in this matter, had not responded to the Complaint at the time of the case management conference and was therefore not present. Mr. Halim did respond to the Complaint thereafter and a copy of this report was forwarded to Mr. Halim for his approval. Mr. Halim has no objection to the form and has now approved the filing of this Case Management Report.**

**II.    Pre-Discovery Initial Disclosures of Core Information**

      **Fed.R.Civ.P. 26(a)(1)(A) - (D) Disclosures**

      Fed.R.Civ.P. 26, as amended effective December 1, 2000, provides that these disclosures are mandatory in Track Two and Track Three cases, except as stipulated by the parties or otherwise ordered by the Court (the amendment to Rule 26 supersedes Middle District of Florida Local Rule 3.05, to the extent that Rule 3.05 opts out of the mandatory discovery requirements): The parties ____ have exchanged __**X**__ **agree to exchange** (check one) information described in Fed.R.Civ.P. 26(a)(1)(A) - (D) by **May 24, 2019.**

      Below is a description of information disclosed or scheduled for disclosure, including electronically stored information as further described in Section III below.

**III.    Electronic Discovery**

The parties have discussed issues relating to disclosure or discovery of electronically stored information ("ESI"), including Pre-Discovery Initial Disclosures of Core Information in Section II above, and agree that (check one):

_____  No party anticipates the disclosure or discovery of ESI in this case;

__X__  One or more of the parties anticipate the disclosure or discovery of ESI in this case.

If disclosure or discovery of ESI is sought by any party from another party, then the following issues shall be discussed:[1]

   A.    The form or forms in which ESI should be produced.

   B.    Nature and extent of the contemplated ESI disclosure and discovery, including specification of the topics for such discovery and the time period for which discovery will be sought.

   C.    Whether the production of metadata is sought for any type of ESI, and if so, what types of metadata.

   D.    The various sources of ESI within a party's control that should be searched for ESI, and whether either party has relevant ESI that it contends is not reasonably accessible under Rule 26(b)(2)(B), and if so, the estimated burden or costs of retrieving and reviewing that information.

   E.    The characteristics of the party's information systems that may contain relevant ESI, including, where appropriate, the identity of individuals with special knowledge of a party's computer systems.

   F.    Any issues relating to preservation of discoverable ESI.

   G.    Assertions of privilege or of protection as trial-preparation materials, including whether the parties can facilitate discovery by agreeing on procedures and, if appropriate, an Order under the Federal Rules of Evidence Rule 502. If the parties agree that a protective order is needed, they shall attach a copy of the proposed order to the Case Management Report. The parties should attempt to agree on protocols that minimize the risk of waiver. Any protective order shall comply with Local Rule 1.09 and Section IV. F. below on Confidentiality Agreements.

   H.    Whether the discovery of ESI should be conducted in phases, limited, or focused upon particular issues.

Please state if there are any areas of disagreement on these issues and, if so, summarize the parties' position on each:

---

[1] See Generally:  Rules Advisory Committee Notes to the 2006 Amendments to Rule 26(f) and Rule 16.

_____
_____
_____
_____

If there are disputed issues specified above, or elsewhere in this report, then (check one):

   ____ One or more of the parties requests that a preliminary pre-trial conference under Rule 16 be scheduled to discuss these issues and explore possible resolutions. Although this will be a non-evidentiary hearing, if technical ESI issues are to be addressed, the parties are encouraged to have their information technology experts with them at the hearing.

**If a preliminary pre-trial conference is requested, a motion shall also be filed pursuant to Rule 16(a), Fed. R. Civ. P.**

   __X__ All parties agree that a hearing is not needed at this time because they expect to be able to promptly resolve these disputes without assistance of the Court.

IV.    **Agreed Discovery Plan for Plaintiffs and Defendants**

    A.    **Certificate of Interested Persons and Corporate Disclosure Statement —**

This Court has previously ordered each party, governmental party, intervenor, non-party movant, and Rule 69 garnishee to file and serve a Certificate of Interested Persons and Corporate Disclosure Statement using a mandatory form. No party may seek discovery from any source before filing and serving a Certificate of Interested Persons and Corporate Disclosure Statement. A motion, memorandum, response, or other paper — including emergency motion — is subject to being denied or stricken unless the filing party has previously filed and served its Certificate of Interested Persons and Corporate Disclosure Statement. Any party who has not already filed and served the required certificate is required to do so immediately.

Every party that has appeared in this action to date has filed and served a Certificate of Interested Persons and Corporate Disclosure Statement, which remains current:

   \_\_\_\_\_    Yes
  **X**    No

**Defendant STEVEN HALIM has not yet filed a Certificate of Interested Persons and Corporate Disclosure Statement.**

Amended Certificate will be filed by _____ (party) on or before _____ (date).

    **B.**    **Discovery Not Filed** —

The parties shall not file discovery materials with the Clerk except as provided in Local Rule 3.03. The Court encourages the exchange of discovery requests on diskette. See Local Rule 3.03 (f). The parties further agree as follows:

    **C.**    **Limits on Discovery** —

Absent leave of Court, the parties may take no more than ten depositions per side (not per party). Fed.R.Civ.P. 30(a)(2)(A); Fed.R.Civ.P. 3 1 (a)(2)(A); Local Rule 3.02(b). Absent leave of Court, the parties may serve no more than twenty-five interrogatories, including sub-parts. Fed.R.Civ.P. 33(a); Local Rule 3.03(a). Absent leave of Court or stipulation of the parties each deposition is limited to one day of seven hours. Fed.R.Civ.P. 30(d)(2). The parties may agree by stipulation on other limits on discovery. The Court will consider the parties' agreed dates, deadlines, and other limits in entering the scheduling order. Fed.R.Civ.P. 29. In addition to the deadlines in the above table, the parties have agreed to further limit discovery as follows:

    1.    Depositions

**The parties stipulate and agree to seek leave of Court for up to thirty (30) depositions per side.**

      2.      Interrogatories

**No further limitations.**

      3.      Document Requests

**No further limitations.**

      4.      Requests to Admit

**No further limitations.**

      5.      Supplementation of Discovery

**No further limitations.**

    **D.**    **Discovery Deadline —**

Each party shall timely serve discovery requests so that the rules allow for a response prior to the discovery deadline. The Court may deny as untimely all motions to compel filed after the discovery deadline. In addition, the parties agree as follows:

> **Parties shall proceed according to the Federal Rules of Civil Procedure and the Local Rules of the District Court of the United States for the Middle District of Florida.**

    **E.**    **Disclosure of Expert Testimony —**

On or before the dates set forth in the above table for the disclosure of expert reports, the parties agree to fully comply with Fed.R.Civ.P. 26(a)(2) and 26(e). Expert testimony on direct examination at trial will be limited to the opinions, basis, reasons, data, and other information disclosed in the written expert report disclosed pursuant to this order. Failure to disclose such

information may result in the exclusion of all or part of the testimony of the expert witness. The parties agree on the following additional matters pertaining to the disclosure of expert testimony:

**None.**

**F.     Confidentiality Agreements —**

Whether documents filed in a case may be filed under seal is a separate issue from whether the parties may agree that produced documents are confidential. The Court is a public forum, and disfavors motions to file under seal. The Court will permit the parties to file documents under seal only upon a finding of extraordinary circumstances and particularized need. *See Brown v. Advantage Engineering, Inc.*, 960 F.2d 1013 (11th Cir. 1992); *Wilson v. American Motors Corp.*, 759 F.2d 1568 (11th Cir. 1985). A party seeking to file a document under seal must file a motion to file under seal requesting such Court action, together with a memorandum of law in support. The motion, whether granted or denied, will remain in the public record.

The parties may reach their own agreement regarding the designation of materials as "confidential." There is no need for the Court to endorse the confidentiality agreement. The Court discourages unnecessary stipulated motions for a protective order. The Court will enforce appropriate stipulated and signed confidentiality agreements. *See* Local Rule 4.15. Each confidentiality agreement or order shall provide, or shall be deemed to provide, that "no party shall file a document under seal without first having obtained an order granting leave to file under seal on a showing of particularized need." With respect to confidentiality agreements, the parties agree as follows:

**G.     Other Matters Regarding Discovery —**

**No other matters at this time.**

**V.** **Settlement and Alternative Dispute Resolution.**

    **A.** **Settlement —**

The parties agree that settlement is \_\_\_\_ likely __**X**__unlikely (check one)

The parties request a settlement conference before a United States Magistrate Judge.

    \_\_\_\_ yes     __**X**__ no     \_\_\_\_ likely to request in future

    **B.** **Arbitration —**

The Local Rules no longer designate cases for automatic arbitration, but the parties may elect arbitration in any case. Do the parties agree to arbitrate?

    \_\_\_\_ yes     __**X**__ no     \_\_\_\_ likely to request in future \_\_\_\_

    \_\_\_\_ Binding \_\_\_\_ Non-Binding

    **C.** **Mediation —**

Absent arbitration or a Court order to the contrary, the parties in every case will participate in Court-annexed mediation as detailed in Chapter Nine of the Court's Local Rules. The parties have agreed on a mediator from the Court's approved list of mediators as set forth in the table above, and have agreed to the date stated in the table above as the last date for mediation. The list of mediators is available from the Clerk, and is posted on the Court's web site at http://www.flmd.uscourts.gov.

    **D.** **Other Alternative Dispute Resolution —**

The parties intend to pursue the following other methods of alternative dispute resolution:

9

**Date: May 2, 2019**

Signature of Counsel (with information required by Local Rule 1.05(d)) and Signature of Unrepresented Parties.

**SHUTTS & BOWEN LLP**

*/s/ Alfred J. Bennington, Jr.*
**ALFRED J. BENNINGTON, JR., ESQ.**
Florida Bar No.: 0404985
Email: bbennington@shutts.com
**GLENNYS ORTEGA RUBIN, ESQ.**
Florida Bar No. 0556361
Email: grubin@shutts.com
**MICHAEL J. QUINN, ESQ.**
Florida Bar No. 084587
Email: mquinn@shutts.com
**SHUTTS & BOWEN LLP**
300 South Orange Avenue, Suite 1600
Orlando, Florida 32801
Telephone: (407) 835-6755
Facsimile: (407) 849-7255

*Attorneys for Plaintiffs*

/s/ *David Wilson*
**DAVID WILSON, ESQ.**
Florida Bar No.: 0983675
Email: david@dwilsonlaw.com
201 S.W. 2nd Street, Suite 101
Ocala, Florida 34471
Telephone: (352) 629-4466
Facsimile: (352) 732-6469

*Attorney for Defendants, Orlando Ventures, Inc., Helping Timeshare Owners, Inc., Nashville Tennessee Ventures, Inc., William W. Howell, Jr., John Preston Thompson, and John Steve Huffman*

/s/ *Steven A. Halim*
**STEVEN A. HALIM, ESQ.**
Florida Bar No.: 0627631
Email: halimlaw@innocent.com
733 West Colonial Drive
Orlando, FL 32804
Telephone: (407) 906-2038
Facsimile: (407) 849-2951

*Pro Se Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 2nd day of May, 2019, the foregoing was filed with the Clerk of the Court using the Court's CM/ECF System, which will serve a copy of the foregoing upon all counsel of record.

## CM/ECF PARTICIPANTS

| | |
|---|---|
| David Anthony Wilson, Esq.<br>201 S.W. 2nd Street, #101<br>Ocala, Florida  34771<br>Telephone:  (352) 629-4466<br>Facsimile:  (352) 732-6469<br>Email: david@dwilsonlaw.com<br>Secondary Email: wilsonlawfirm@gmail.com | Steven A. Halim, Esq.<br>Florida Bar No.: 0627631<br>Email: halimlaw@innocent.com<br>733 West Colonial Drive<br>Orlando, FL  32804<br>Telephone: (407) 906-2038<br>Facsimile: (407) 849-2951 |
| *Attorney for Defendants, Orlando Ventures, Inc., Helping Timeshare Owners, Inc., Nashville Tennessee Ventures, Inc., William W. Howell, Jr., John Preston Thompson, and John Steve Huffman* | *Pro Se Defendant* |

*/s/ Alfred J. Bennington, Jr.*
**ALFRED J. BENNINGTON, JR., ESQ.**

ORLDOCS 16841008 2

11